IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-34-2FL
No. 5:20-CV-357-FL

| | | |
|---|---|---|
| GEORGE EDWARD MAYS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 73), respondent's motion to dismiss (DE 82), and petitioner's motions to supplement and amend his response (DE 94, 100). The issues raised are ripe for ruling. For the following reasons, the court grants in part and denies in part respondent's motion and petitioner's motion to vacate, and grants petitioner's motions to supplement and amend.

## BACKGROUND

Petitioner pleaded guilty, pursuant to a written plea agreement, on May 15, 2019, to conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (count one), and distribution of fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (count eight).

Prior to sentencing, the United States Probation Office filed a presentence investigation report ("PSR") determining petitioner's advisory sentencing guideline range to be 87 to 108 months' imprisonment, based upon on a total offense level of 27 and a criminal history category of III. However, because the statutory mandatory minimum sentence for counts one and eight is

greater than the maximum applicable guideline range, petitioner's guideline term of imprisonment was determined to be 120 months.

On August 20, 2019, the court granted the government's motion for a downward departure and sentenced petitioner to 76 months' imprisonment and five years' supervised release. Petitioner did not appeal his judgment of conviction.

In the instant motion, petitioner asserts that counsel provided ineffective assistance of counsel at sentencing by failing to: (1) properly argue for a sentencing reduction due to the "safety valve" provision of the First Step Act, 18 U.S.C. § 3553(f); (2) advocate for a sentence that would prevent a sentencing discrepancy with others that were similarly situated and failing to utilize that information to influence the sentencing court to properly analyze other sentencing decisions while determining petitioner's ultimate sentence; (3) challenge the methamphetamine sentencing guidelines regarding actual methamphetamine versus a mixture or substance containing a detectable amount of methamphetamine; and (4) challenge a criminal history point given for an "uncounseled driving violation in 2009."

Respondent argues that petitioner's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), with the exception of petitioner's claim of ineffective assistance of counsel regarding the applicability of 18 U.S.C. § 3553(f). Petitioner responded in opposition and filed the instant motions to supplement and amend his response in opposition respectively.[1]

---

[1] Where the court has reviewed and considered the arguments asserted in petitioner's motions to supplement and amend, the court allows those motions without further discussion.

# COURT'S DISCUSSION

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

To establish a claim for ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 688, 687 (1984). Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to demonstrate that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at

3

694. In the context of a guilty plea, the prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

1.  Sentencing discrepancy

The court first turns to petitioner's claim that counsel was ineffective for failing to "advocate for a sentence that would prevent a sentencing discrepancy with others that were similarly situated and failed to utilize that information to influence the sentencing court to properly analyze other sentencing decisions while determining defendant's ultimate sentence." ((DE 73) at 4). Petitioner, however, fails to include any information in support of this allegation of a sentencing disparity. Aside from his other claims that the court addresses separately below, petitioner does not to cite to any information, that could have been used by his counsel to mitigate his sentence but was not.

Petitioner's claim for ineffective assistance of counsel on this basis thus is conclusory and subject to summary dismissal. See Jones v. Polk, 401 F.3d 257, 269–70 (4th Cir. 2005) (observing that conclusory habeas claims are subject to summary dismissal). Petitioner provides no legitimate basis for this assertion, it is, therefore, without merit and thus fails as a matter of law.

2.  Applicable sentencing guidelines for methamphetamine

The court next turns to petitioner's claim that counsel provided ineffective assistance by failing to challenge the applicable methamphetamine sentencing guidelines. Petitioner argues that the sentencing guidelines provide for "an extremely high sentencing level for actual methamphetamine versus mixed methamphetamine which does not accurately reflect the culpability of a defendant . . . ." ((DE 73) at 5). Further, petitioner "posits that there is

4

overwhelming evidence and case law that proves this is a current and relevant argument being made by reasonable defense attorneys across the country and thus a professional norm." ((DE 73-1) at 6). At issue, is whether petitioner's counsel should have made a policy-based argument against the guideline discrepancy, because similar arguments have been successful in other district courts. Petitioner's claim here is without merit.

Section 2D1.1 of the United States Sentencing Guidelines sets forth the base offense level for the drug offenses of unlawful manufacturing, importing, exporting, or trafficking (including possession with intent to commit these offenses), attempt or conspiracy. U.S.S.G. § 2D1.1. Under § 2D1.1, the base offense level for crimes involving at least 50 grams but less than 150 grams of <u>actual</u> methamphetamine is 30. U.S.S.G. § 2D1.1(a)(5); (c)(5). The base offense level for crimes involving at least 50 grams but less than 200 grams of a <u>mixture or substance</u> containing methamphetamine is 24. <u>Id.</u> § 2D1.1(a)(5); (c)(8). The term "actual" as used in the guidelines "refer[s] to the weight of the controlled substance, itself, contained in the mixture or substance. For example, a mixture weighing 10 grams containing [methamphetamine] at 50% purity contains 5 grams of [methamphetamine] (actual)." <u>Id.</u> § 2D1.1, Notes to Drug Quantity Table (B). The guidelines instruct that when a mixture or substance containing methamphetamine is present, the offense level used is the higher of that determined by either the entire weight of the mixture or substance, or the actual weight of the methamphetamine. <u>Id.</u>

Here, petitioner does not challenge the weight of actual methamphetamine in question. He also does not challenge that he pleaded guilty under oath to offenses involving actual methamphetamine. Petitioner only alleges that the methamphetamine guidelines are inherently unfair and the discrepancy in offense levels between actual and mixed methamphetamine does not

5

reflect his culpability. Thus, his counsel allegedly erred by failing to make a policy-based argument against use of the methamphetamine sentencing guidelines for actual methamphetamine. Contrary to Petitioner's claim, the Fourth Circuit Court of Appeals has held that "[a]ttorneys can be selective and strategic without risking an ineffective assistance of counsel claim. We have consistently made clear that we do not penalize attorneys for failing to bring novel or long-shot contentions." United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014) (internal citations omitted).

Petitioner thus has failed to allege plausibly that counsel's representation fell below an objective standard of reasonableness, or that there is a reasonable probability that but for counsel's performance the outcome at sentencing would have been different had this policy-based argument been made. Petitioner's claim for ineffective assistance of counsel regarding this point thus fails as a matter of law.

3. Criminal history point

The court next turns to petitioner's claim that counsel was ineffective by failing to challenge a criminal history point given for an "uncounseled driving violation from 2009."[2] At issue is whether petitioner's 2009 charge should have been excluded pursuant to U.S.S.G. § 4A1.2(c), because it was over nine years old, unrelated, only a minor traffic violation, and

---

[2] Petitioner pleaded guilty to two separate offenses in 2009. ((DE 49) at 8). On April 12, 2009, petitioner was charged with driving while license revoked, and on June 28, 2009, petitioner was charged with possession of an open container or consuming alcohol in the passenger area and littering. Id. Although petitioner appears to contest that a criminal history point should not have been assigned for any of these charges ((DE 73-1) at 10-12), his PSR shows that he was only assigned a criminal history point for his April 2009 driving while license revoked charge ((DE 49) at 8). Thus, the court will address petitioner's argument as it relates to the April 2009 driving while license revoked charge only.

6

Petitioner was given a fine rather than probation or incarceration.³ Petitioner asserts that were this additional criminal history point properly argued against by his counsel and excluded, his criminal history category would have been II instead of III. Petitioner's claim on this basis without merit.

Section 4A1.1 of the United States Sentencing Guidelines provides instruction the assignment of points when calculating a defendant's criminal history category. U.S.S.G. § 4A1.1. Namely, § 4A1.1(c) provides that one criminal history point will be added for each prior sentence that did not result in imprisonment greater than sixty days, up to a total of four points. Id. § 4A1.1(c). Relatedly, § 4A1.2 offers definitions and instructions that govern the calculation of criminal history points for prior sentences. U.S.S.G. § 4A1.2. In particular, § 4A1.2(c) sets forth the kinds of sentences that should be counted or excluded when computing criminal history and provides, in relevant part:

> (c) . . . Sentences for misdemeanor and petty offenses are counted, except as follows:
> (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, <u>are counted only if (A) the sentence was a term of probation of more than one year</u> or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
> . . . Driving without a license or with a revoked or suspended license . . .

U.S.S.G. § 4A1.2(c) (emphasis added).

Petitioner argues that his attorney should have objected to the assignment of a criminal history point for his 2009 driving while license revoked offense, based on the exclusions listed under § 4A1.2(c). However, Petitioner was properly assigned a criminal history point for this

---

³ Petitioner's assertion that he received only a fine for his 2009 driving while license revoked offense is factually incorrect. According to his PSR, Petitioner received a sentence of twenty-four months' probation for his 2009 driving while license revoked charge. ((DE 49) at 8). It is noteworthy that petitioner violated this probation on three occasions and had his probation revoked on two occasions, indicating that he has knowledge that he received more than a simple fine for this offense. Id.

7

offense. Pursuant to § 4A1.2(c)(1)(A), a criminal history point was warranted because Petitioner was sentenced to more than one year of probation for the offense.

Thus, petitioner's counsel was not deficient for failing to object to a correctly assigned criminal history point. Petitioner's claim on this basis therefore fails as a matter of law.

    4.    Safety Valve

The court finally turns to petitioner's claim that counsel provided ineffective assistance by failing to argue for a sentencing reduction under § 3553(f) based on lack of criminal history. There are two underlying predicate issues presented by this claim: 1) whether petitioner is eligible for a two-level reduction under U.S.S.G. § 2D1.1(b)(18) following the amendments made by the First Step Act, and 2) whether petitioner is eligible for "safety valve" relief under 18 U.S.C. § 3553(f) following the amendments made by the First Step Act. The court begins by setting forth the law regarding application of the safety valve provision of the First Step Act.

Pursuant to 18 U.S.C. § 3553(f), "[n]otwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846), . . . the court shall impose a sentence pursuant to guidelines . . . without regard to any statutory minimum sentence" if five criteria are met. 18 U.S.C. § 3553(f). Prior to enactment of the First Step Act on December 21, 2018, the § 3553(f) criteria appeared as follows:

> <u>(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines</u>;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;

8

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (emphasis added) (amended Dec. 21, 2018). This section commonly is referred to as the "safety valve." See, e.g., United States v. Green, 816 F. App'x 859, 860 (4th Cir. 2020); United States v. Paul, 787 F. App'x 191, 192 (4th Cir. 2019).

The five § 3553(f) criteria are incorporated into § 5C1.2 of the United States Sentencing Guidelines, which provides a similar safety valve under the guidelines, limiting the use of statutory minimum sentences in certain cases involving an offense under 21 U.S.C. §§ 841, 844, 846, 960, or 963. U.S.S.G. § 5C1.2(a). Similar to § 3553(f), § 5C1.2(a) instructs that "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(f)(5) . . . ." Id. The five criteria listed in § 5C1.2(a) appear largely the same as, and are substantively the same as, the five criteria listed in the pre-First Step Act version of § 3553(f).

Relatedly, § 2D1.1 of the United States Sentencing Guidelines sets forth offense levels for the drug offenses of unlawful manufacturing, importing, exporting, or trafficking (including possession with intent to commit these offenses); attempt or conspiracy." U.S.S.G. § 2D1.1. Subsection § 2D1.1(b) provides for offense level adjustments based on specific offense

9

characteristics. Id. § 2D1.1(b). Notably, § 2D1.1(b)(18) provides that "[i]f the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease [the offense level] by 2 levels." Id. § 2D1.1(b)(18).

Section 402 of the First Step Act "broadened the scope of eligibility for a safety valve reduction under 18 U.S.C. § 3553(f) . . . , from defendants with up to one criminal history point to, in certain circumstances, defendants with up to four criminal history points." Paul, 787 F. App'x at 192; see First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221. Following amendment by the First Step Act, § 3553(f)(1) now provides as follows:

(1) the defendant does not have--

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; and

(C) a prior 2-point violent offense, as determined under the sentencing guidelines
. . .

18 U.S.C. § 3553(f)(1).

While this change now allows for defendants with up to four criminal history points to receive below statutory minimum sentences under the 18 U.S.C. § 3553(f) safety valve, the sentencing guidelines under §§ 5C1.2 and 2D1.1(b)(18) have not been similarly amended. See Green, 816 F. App'x at 860; Paul, 787 F. App'x at 192. Thus, a defendant is still not entitled for a reduction under §§ 5C1.2 or 2D1.1(b)(18) of the sentencing guidelines if the defendant has more than one criminal history point. Green, 816 F. App'x at 860 (rejecting a defendant's argument that he was entitled to a two-level sentence reduction under § 2D1.1(b)(18) "because the Guidelines

10

had not been amended and still required that he have no more than one criminal history point" and the defendant had four criminal history points); Paul, 787 F. App'x at 192 (finding that it was proper for a defendant with three criminal history points to move for a downward variance, rather than a two-level reduction, because § 2D1.1(b)(18) has not yet been amended to reflect the change of the First Step Act).

Here, petitioner was calculated to have an offense level of twenty-seven, resulting from a base offense level of thirty and a three-point reduction for acceptance of responsibility. He was also found to have four criminal history points, consisting of two prior sentences each assigned one point under U.S.S.G. § 4A1.1(c) and an additional two points assigned under U.S.S.G. § 4A1.1(d) because petitioner committed the instant offense while under a criminal justice sentence. Based on his offense level of twenty-seven and his criminal history category of III,[4] petitioner's guideline imprisonment range was 87 to 108 months. However, because the offense he pleaded guilty to under 21 U.S.C. § 841(a) carried a ten-year mandatory minimum sentence, petitioner's guideline imprisonment range was increased to 120 months. Petitioner ultimately was sentenced to 76 months' imprisonment. He was not awarded a two-point offense level reduction under U.S.S.G. § 2D1.1(b)(18), nor was he given a safety valve reduction under 18 U.S.C. § 3553(f) requiring that he receive a below statutory minimum sentence.

1. Two-point offense level reduction under U.S.S.G. § 2D1.1(b)(18)

Because §§ 5C1.2 and 2D1.1(b)(18) of the United States Sentencing Guidelines have not yet been amended following the First Step Act, petitioner was not entitled to a two-level sentencing

---

[4] Pursuant to the United States Sentencing Guidelines, defendants with four to six criminal history points fall under criminal history category III.

reduction under § 2D1.1(b)(18). *See Green*, 826 F. App'x at 860; *Paul*, 787 F. App'x at 192. Pursuant to § 2D1.1(b)(18), a defendant is still only entitled to relief under the Sentencing Guidelines if he has one or fewer criminal history points. Petitioner has two qualifying points.[5] Although he concedes that the Sentencing Guidelines were "not specifically amended with the passage of the first step act" ([DE-73-1] at 3), petitioner maintains that his counsel was still ineffective for failing to argue for a two-level sentencing reduction pursuant to § 2D1.1(b)(18) (*id.* at 2-5). In support of this argument, petitioner cites to a newsletter published by the United States Sentencing Commission's Office of Education and Sentencing Practice, providing guidance on how to implement U.S.S.G. § 2D1.1(b)(18) following enactment of the First Step Act. *Id.* at 3-4.

The relevant portion of the Sentencing Commission's newsletter cited to by petitioner is titled "Question 4: The safety valve provision at § 5C1.2 of the Guidelines Manual is different from the statutory provision at 18 U.S.C. § 3553(f). Which one do I follow?" U.S. Sentencing Comm'n, Office of Educ. & Sentencing Practice, ESP Insider Express Special Edition, First Step Act (Feb. 2019), at 5. This section of the newsletter explicitly notes that "[t]he changes made by the First Step Act were statutory and did not make any changes to the current text of the guidelines." *Id.* (emphasis added). It further states that:

> USSG § 2D1.1(b)(18) provides for a 2-level reduction for offenders who meet the safety valve criteria set forth in subdivisions (1)-(5) of § 5C1.2. Section 5C1.2 still reflects the original statutory criteria and provides the defendant cannot have more than one criminal history point as determined under § 4A1.1. Thus, as a matter of proper guideline application, the court should award the 2-level safety valve reduction at § 2D1.1 only if the offender is eligible for safety valve relief according

---

[5] Under § 3553(f)(1)(A), criminal history points resulting from a one-point offense are excluded when calculating whether a defendant has more than four total criminal history points. *See* 18 U.S.C. 3553(f)(1)(A). As stated above, although Petitioner has four total criminal history points, his two one-point offenses are excluded for purposes of § 3553(f) calculation. Thus, for § 3553(f) analysis only, Petitioner has a total of two qualifying criminal history points for § 3553(f).

> to the guideline provision. Of course, the court has authority under 18 U.S.C. § 3553(a) to grant a similar 2-level reduction to the newly eligible safety valve offenders not meeting the guideline criteria. If the court should do so, it will be considered a variance from the guidelines.

Id. at 5-6 (emphasis added).

Contrary to Petitioner's assertion, the Sentencing Commission's newsletter does not support that Petitioner is entitled to a two-point offense level reduction under U.S.S.G. § 2D1.1(b)(18). Instead, the newsletter affirms that "the court should award the 2-level safety valve reduction at § 2D1.1 only if the offender is eligible for safety valve relief according to the guideline provision" in § 5C1.2. Id. (emphasis added). The Sentencing Commission further emphasizes that any potential two-level reduction that may be granted would be at the court's discretion, and considered a variance rather than a mandatory two-level reduction. Id. at 6.

However, the Sentencing Commission does leave open the possibility that a two-point downward variance could be granted pursuant to 18 U.S.C. § 3553(a). Id. The newsletter states that such a variance may be available for defendants "newly eligible" for safety valve relief under § 3553, yet still not eligible under the Sentencing Guidelines. Id. That is, such a variance could apply to defendants that have less than four, but more than one, criminal history points – such as petitioner here.

To establish that his counsel was ineffective for failing to argue for a two-point reduction under § 2D1.1, petitioner must show that the representation he received fell below an objective standard of reasonableness and that he was prejudiced by the ineffective assistance. Strickland, 466 U.S. at 688-89. Where the Sentencing Guidelines remain clear that a two-point sentencing level adjustment is only available to defendants with one or fewer criminal history points and

13

Petitioner has not established any binding precedent showing that a two-point reduction is required, defense counsel was not ineffective for failing to argue for such a guidelines reduction.[6] Petitioner likewise has not demonstrated prejudice, where such a guidelines reduction was not available.

Thus, petitioner's claim of ineffective assistance of counsel in this part fails as a matter of law.

    2.        Safety valve reduction under 18 U.S.C. § 3553(f)

Nevertheless, Petitioner here was entitled to a safety valve reduction at the time of his sentencing under § 3553(f). Under the recently updated version of § 3553(f) amended by the First Step Act, petitioner was eligible for a safety valve reduction because he had no more than four qualifying criminal history points.[7] This point is not disputed by respondent. Applying the safety valve, petitioner's guideline sentencing range would have decreased from 120 months' imprisonment to a range of 87 to 108 months' imprisonment. Counsel thus provided ineffective assistance in not objecting on the basis of application of the safety valve under § 3553(f). Indeed, in its memorandum in support of its motion, the government concedes that counsel's failure here satisfies the performance prong of Strickland. ((DE 83) at 14).

---

[6] Counsel for Petitioner objected to a two-level enhancement for a dangerous weapon [DE-43] to which Probation agreed with counsel for the petitioner and reduced Petitioner's guideline range. Petitioner faced an advisory guideline range of 108 to 135 months imprisonment, however due to a mandatory minimum, that advisory range was converted to 120 to 135 months imprisonment. Due to counsel for the petitioner objecting to the two-level enhancement for dangerous weapon, Probation recalculated Petitioner's guideline range to 87 to 108 months imprisonment. However due to the mandatory minimum, Petitioner's final advisory guideline range was converted to 120 months imprisonment.

[7] The government does not argue that petitioner cannot satisfy the requirements of the remaining criteria listed in §§ 3553(f)(2)-(5).

14

Petitioner also satisfies the second prong of Strickland where there is a reasonable probability that petitioner would have received a more lenient sentence if not for the deficient performance of counsel. Glover v. United States, 531 U.S. 198, 202-04 (2001). As discussed above, petitioner's guideline imprisonment range without the safety valve was 120 months, due to the mandatory minimum sentence required by 21 U.S.C. § 841(a). Despite the mandatory minimum sentence, petitioner was sentenced to 76 months' imprisonment, following the court's granting of the government's motion for downward departure. Under the circumstances, there is a reasonable probability that the court would have imposed a different sentence if it had considered the government's motion in the context of a reduced guideline imprisonment range.

In so holding, the court does not determine at this juncture that a lesser sentence is warranted, but rather only that petitioner has demonstrated a reasonable probability of a reduced sentence if the court had applied the safety valve as required by § 3553(f). The court also expresses no opinion at this juncture on whether it is appropriate to apply a further variance due to the lack of amendment to the guidelines to reflect the safety valve in § 3553(f) as set forth herein. The court leaves those issues for consideration upon resentencing.

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate

of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART AND DENIES IN PART petitioner's motion to vacate (DE 73) and respondent's motion (DE 82), and GRANTS petitioner's motions to supplement and amend (DE 94, 100). Petitioner's § 2255 motion is GRANTED on that part of his claim for ineffective assistance of counsel at sentencing premised upon application of the safety valve, under 18 U.S.C. § 3553(f). The court VACATES the judgment entered August 20, 2019, and sets the matter for resentencing at the next available term of court. The Federal Public Defender is DIRECTED to oversee appointment of counsel for defendant at resentencing. The probation office is DIRECTED to file a modification to the PSR reflecting the application of the safety valve, under 18 U.S.C. § 3553(f), as well as any pertinent information regarding defendant's performance while in prison.

SO ORDERED, this the 31st day of October, 2022.

LOUISE W. FLANAGAN
United States District Judge